IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOOST US, INC., a Delaware corporation, JOOST N.V., a Netherlands Antilles corporation, and JOLTID LIMITED, a British Virgin Islands corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>MICHELANGELO VOLPI and INDEX VENTURES MANAGEMENT, S.A., a Swiss corporation,<br><br>        Defendants. | Civil Action No. 09-_____<br><br><br><br>[Removed from the Court of Chancery of the State of Delaware, Case No. 4906-CC] |

## **NOTICE OF REMOVAL OF PENDING STATE COURT ACTION**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE:**

  **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendants Michelangelo Volpi and Index Ventures Management, S.A. ("Index"), hereby remove to this Court the state-court action described in Paragraph 1 below and filed by Plaintiffs Joost US, Inc. ("Joost US"), Joost N.V. ("Joost NV"), and Joltid Limited ("Joltid").

### **THE REMOVED CASE**

  1.  The removed case is a civil action filed on September 18, 2009 in the Court of Chancery of the State of Delaware, styled *Joost US, Inc. et al. v. Volpi, et al.*, Case No. 4906-CC (the "Removed Case"), which is incorporated herein, as if set forth in full.

## PAPERS FROM REMOVED ACTION

2. As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and correct copies of all process, pleadings, orders, and other papers on file in the Removed Case.

## REMOVAL IS TIMELY

3. The complaint in the Removed Case was filed on September 18, 2009. *See* Exhibit A. Defendants have not yet been served with either the complaint or a summons. This Notice of Removal is filed within thirty (30) days following September 18, 2009, and therefore is timely under 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

## THE DIVERSITY JURISDICTION OF THIS COURT

4. Pursuant to 28 U.S.C. § 1441(a), defendants may remove to federal court any civil action in a state court of which the federal district court possesses original jurisdiction. Because the Court possesses original diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, removal is proper. As set forth below, (i) this is an action between citizens of different States in which citizens or subjects of foreign states are additional parties; (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (iii) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Delaware.

5. Plaintiff Joost US, Inc. is incorporated under the laws of the State of Delaware. *See* Compl. ¶ 12. According to its website, Joost US's principal place of business is at 100 Fifth Avenue, New York, NY 10011. *See* http://www.joost.com/contact/offices (last visited September 20, 2009). Joost US is therefore a citizen of the States of Delaware and New York for diversity jurisdiction purposes. Plaintiff Joost US is not a citizen of the State of California.

DB02:8750904.1　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　900002.0003

6. Plaintiff Joost NV is a Netherlands Antilles company. *See* Compl. ¶ 13. Accordingly, it is a citizen of a foreign state. For purposes of diversity jurisdiction, it is an "additional part[y]" under 28 U.S.C. § 1332(a)(3). Plaintiff Joost NV is not a citizen of the State of California.

7. Plaintiff Joltid Limited is incorporated in the British Virgin Islands. *See* Compl. ¶ 14. Accordingly, it is a citizen of a foreign state. For purposes of diversity jurisdiction, it is an "additional part[y]" under 28 U.S.C. § 1332(a)(3). Plaintiff Joltid is not a citizen of the State of California.

8. Defendant Michelangelo Volpi is an Italian citizen and permanent United States resident domiciled in Los Altos, California. As a permanent United States resident domiciled in California, he is "deemed a citizen" of the State of California for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332. He is not a citizen of the State of Delaware.

9. Defendant Index Ventures Management, S.A, is incorporated in Switzerland. *See* Compl. ¶ 16. Accordingly, it is a citizen of a foreign state. For purposes of diversity jurisdiction, it is an "additional part[y]" under 28 U.S.C. § 1332(a)(3). Defendant Index Ventures Management, S.A. is not a citizen of the State of Delaware.

10. Complete diversity of citizenship exists between the parties because none of the Defendants share Plaintiff Joost US's citizenship of New York or Delaware and none of the Plaintiffs share Defendant Volpi's citizenship of California.

11. None of the Defendants is a citizen of the State in which this action is pending (Delaware).

12. The amount in controversy required by 28 U.S.C. § 1332(a) is satisfied. Although the Plaintiffs' prayer for relief does not allege a specific amount of damages sought, Plaintiffs

have asserted claims regarding confidential information allegedly valued "in the billions of dollars." Compl. ¶ 6. In fact, Plaintiffs' suit seeks disgorgement of profits related to the acquisition of a company valued at $2.75 billion. *See* Compl. ¶ 44. Plaintiffs contend that this acquisition "*could not have occurred*" without the Defendants' alleged misappropriation of their confidential information. *See* Compl. ¶¶ 1-2 (emphasis added). Therefore, the amount in controversy is far in excess of $75,000.

13. Because the requirements for this Court's original jurisdiction are satisfied, removal of this action from the Court of Chancery of the State of Delaware to federal court is proper.

## VENUE IS PROPER IN THIS DISTRICT AND DIVISION

14. Venue in the District of Delaware is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action is pending.

## FILING OF REMOVAL PAPERS

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is being given simultaneously to Plaintiffs' counsel, and a Notice of Filing of Notice of Removal is being filed with the Court of Chancery of the State of Delaware. A true and correct copy of that Notice is attached hereto as Exhibit B.

16. By filing this notice, neither Volpi nor Index admits or consents to personal jurisdiction, and this Notice of Removal shall not be construed as a waiver of the requirements for personal jurisdiction or for service of process, as neither Volpi nor Index have been served with the complaint or any other pleading in the state court.

WHEREFORE, Defendants hereby remove the above captioned action from the Court of Chancery of the State of Delaware, and request that further proceedings be conducted in this Court as provided by law.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
C. Barr Flinn (No. 4092)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

– and –

KEKER & VAN NEST LLP
Robert A. VanNest
Rachael E. Meny
Steven K. Taylor
Benjamin Berkowitz
710 Sansome Street
San Francisco, CA 94111-1704
(415) 391-5400

Attorneys for Defendants Michelangelo Volpi and
 Index Ventures Management, S.A.

Dated: September 21, 2009

# CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on September 21, 2009, a copy of the foregoing document was served on the following counsel in the manner indicated below:

**BY EMAIL & HAND DELIVERY**

Thomas J. Allingham II
Stephen D. Dargitz
SKADDEN, ARPS, SLATE, MEAGHER, & FLOM LLP
One Rodney Square
P.O Box 636
Wilmington, DE 19899
(302) 651- 3001

        YOUNG CONAWAY STARGATT
         & TAYLOR, LLP

        */s/ John W. Shaw*
        John W. Shaw (No. 3362)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19899
        jshaw@ycst.com
        (302) 571-6600

        *Attorney for Defendants*